# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LEONARD CARDINALE, *et al.*, | Case No. 2:13-CV-1137-KJD-GWF |
| Plaintiffs, | |
| v. | **ORDER** |
| JOSEPH C. CHRONISTER, *et al.*, | |
| Defendants. | |

Before the Court is Leonard Cardinale's ("Plaintiff") Motion to Dismiss Defendant Joseph Chronister's Counterclaim Against Plaintiff Leonard Cardinale (#40). Joseph Chronister ("Defendant") opposed the motion (#52) and Plaintiff replied (#60). Defendant also filed an Errata (#56) seeking to alter the basis of one of his claims from the National Labor Relations Act to NRS Chapter 288. Defendant's claim is founded on Plaintiff's assertion that the City and its management were engaging in "union busting."

At the outset, the Court notes that both parties have fallen short of the caliber of representation expected before this Court. The Court strongly encourages the parties to ensure that all future submissions are clear, concise, and complete, citing all controlling precedent but persuasive precedent only sparingly. This includes fully and accurately responding to all arguments made by opposing counsel, as well as forbearing from impermissibly raising new arguments in reply.

I. Legal Standards

A. Motion to Dismiss

A motion to dismiss requires the Court to construe the facts in the light most favorable to

the non-moving party. "To survive [the motion], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This requires a two-pronged analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. Plausibility, in the context of a motion to dismiss, means that a plaintiff has pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. If the allegations state non-conclusory, plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

### B. Defamation

"To prevail on a defamation claim, a party must show publication of a false statement of fact." Posadas v. City of Reno, 851 P.2d 438, 442 (Nev. 1993). Further, a statement is per se defamatory if it "imput[es] that plaintiff has committed a crime." Branda v. Sanford, 637 P.2d 1223, 1225 (Nev. 1981). While substantial additional detail exists in the case law, no further development of the standard is presently required.

## II. Analysis

While the Court has serious doubts about the viability of Defendant's defamation counterclaim, Plaintiff fails to respond in any way to Defendant's assertion that Plaintiff's statement amounts to an accusation of a crime under NRS 288. Accordingly, construing the facts in the light most favorable to Defendant, the Court finds Defendant's claim to be plausible at this stage of the litigation.

///

///

///

III. Conclusion

For the above reasons, Plaintiff's Motion to Dismiss Defendant Joseph Chronister's Counterclaim Against Plaintiff Leonard Cardinale (#40) is **HEREBY DENIED**.

DATED this 7th day of May 2014.

_____
Kent J. Dawson
United States District Judge